UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DENNIS J. YOUNG,

      Plaintiff,

v.                                                                    CASE NO.: 16-cv-23124

NCH INVESTMENTS, LLC., and                      Honorable Ursula Ungaro
AZIZ IBN MUNIR, and
SPACE COAST CREDIT UNION,

      Defendants.

---

**DEFENDANT SPACE COAST CREDIT UNION'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AND MEMORANDUM OF LAW IN SUPPORT**

      Defendant Space Coast Credit Union ("Space Coast" or "Defendant") respectfully submits this Motion and Memorandum of Law in support thereof to dismiss Plaintiff's Complaint as to Space Coast for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and, in support thereof, states as follows:

**COMPLAINT ALLEGATIONS**

      Dennis Young filed a seven count Complaint against NCH Investments, LLC, Aziz IBN Munir, and Space Coast Credit Union [D.E. 1]. Count V of the Complaint asserts a claim against Space Coast for its purported breach of a Letter of Credit which is attached to the Complaint as Exhibit "F" (¶¶ 16, 44, & 45). Count VI of the Complaint asserts a claim against Space Coast for its purported breach of a Letter of Credit which is attached to the Complaint as Exhibit "I" (¶¶ 21, 46, & 47). Count VII asserts a claim against Space Coast for negligence. The crux of Plaintiff's negligence claim is that Space Coast had a duty to its customers to control the actions of its **former** employee. Plaintiff alleges a host of actions, or inaction, on the part of Space Coast

which supposedly illustrate how Space Coast failed to perform its duty. However, other than through conclusory allegations, Plaintiff fails to provide facts or law which establish the duty Space Coast allegedly owed to Plaintiff -- who was neither its customer or member -- based on the financial transaction which occurred between them. Moreover, Plaintiff fails to provide facts or law which would establish a duty Space Coast allegedly hasto control the actions of former employees.

## LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims. *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1263 (11th Cir. 2004). When challenged by a motion under Rule 12(b)(6) the complaint must be assessed in light of the requirements of Federal Rule of Civil Procedure 8 and the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2008), and *Ashcroft v. Iqbal*, 129. S. Ct. 1937 (2009). As such, "[w]hile legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Ashcroft* at 1950. Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumptions that all of the complaint's allegations are true." *Bell Atlantic Corp.* at 1959. In other words, the complaint must demonstrate that the plaintiff is entitled to the relief sought. Further, Rule 12(b)(1) allows a defendant to seek dismissal based on a plaintiff's lack of standing.

## ARGUMENT and MEMORANDUM OF LAW

Plaintiff impermissibly attempts to couch its claims arising from the proper dishonor of a fraudulent Letter of Credit as an illusory negligence liability action. Such a stretch of logic

naturally leads to what occurred in Plaintiff's Complaint – an improperly pleaded claim for negligence because, even if a duty is found to exist, which is denied, Plaintiff simply fails to adequately allege any ultimate fact tending to show that Space Coast's alleged or implied breach of that duty was the proximate cause of the damages arising from the borrowers, Munir and NCH's, alleged breach of their loan agreements.

### A. Plaintiff's Claims for Negligence against Space Coast Credit Union must be dismissed because Plaintiff fails to allege that Plaintiff's alleged harm was foreseeable to Plaintiff.

In order to prove negligence on the part of Defendant, Plaintiff must show: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of the plaintiff's injury; and (4) that plaintiff suffered damages." *Hasenfus v. Secord,* 962 F.2d 1556, 1559–60 (11th Cir.1992).

### i. Plaintiff's failure to plead foreseeability fails to establish a duty owed by Defendant.

> The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. In a negligence action, the proper way of determining whether a duty existed is to decide whether the defendant's actions created a foreseeable zone of risk, not whether the specific injury suffered was foreseeable by the defendant. The reasonable specific foreseeability of a general zone of risk to a given plaintiff is an objective test that recognizes that more is required than the mere general risk of injury that is concomitant to all human activity. The legal threshold for imposing a duty on a defendant is crossed only when it is established that the defendant more likely than not created a foreseeable zone of risk.

*See* 38 Fla. Jur 2d Negligence § 31 (internal citations omitted).

> It has been said that a new duty is more likely to be imposed under the "foreseeable zone of risk" standard under circumstances where the plaintiff has suffered personal or property damage; where the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to the overextension of liability.

See 38 Fla. Jur 2d Negligence § 31 (emphasis added).

"[E]stablishing the existence of a duty under [Florida's] negligence law is a minimum threshold legal requirement that opens the courthouse doors ..., and is **ultimately a question of law for the court** rather than a jury." *See Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1339–40 (11th Cir. 2012) (citing *Williams v. Davis,* 974 So.2d 1052, 1057 n. 2 (Fla.2007) (citing *McCain v. Florida Power Corp.,* 593 So.2d 500, 502 (Fla.1992))).(emphasis added)

In *Virgilio,* plaintiffs argued that entities engaged in creating a residential community by subdividing the land and selling lots to builders for the construction of houses for sale by the builders to the public are liable to the purchasers of those houses for the economic loss they suffer because—as a result of negative information possessed by the entities but not the purchasers—the price they paid for the houses turned out to be more than their fair market value once the information became public knowledge. *See Virgilio*, 680 F. 3d at 1339. The Eleventh circuit noted that plaintiffs found nothing to support such a holding in Florida case law, but still relied on a statement the Florida Supreme Court made in *McCain,* that "Florida ... recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." 593 So.2d at 503. As the court explained, that standard is meant to recognize a duty of care where a defendant's conduct creates a "foreseeable zone of risk." *Id.* (quoting *Kaisner v. Kolb,* 543 So.2d 732, 735 (Fla.1989)).

As the Eleventh Circuit noted, "[a] new duty is more likely to be imposed under the "foreseeable zone of risk" standard under circumstances where the plaintiff has suffered personal or property damage. Where the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to over-extension of liability." (citing *Indem. Ins. Co. of N. Am. *1340 v. Am. Aviation,* 891 So.2d 532, 546 (Fla.2004) (Cantero, J.,

concurring) (**explaining that, although the economic loss rule had been eliminated except in certain circumstances, "[t]he 'duty' prong remains a strong filter in [cases involving only economic damages]—virtually as strong as the rule itself"—and that "[t]he plaintiff still must demonstrate an independent duty to protect that plaintiff's purely economic interests"**)) (emphasis added).

> With that in mind, it is important to consider whether the specific relationship between the plaintiff and defendant warrants imposing a duty on the defendant to protect the plaintiff's purely economic interests. *See Monroe v. Sarasota Cnty. Sch. Bd.,* 746 So.2d 530, 534 n. 6 (Fla.2d Dist.Ct.App.1999) (explaining that "[d]ifficult economic loss cases all seem to examine the relationship between the parties to determine whether it warrants creating a duty to protect economic interests outside contract and statutory law"); *cf. Am. Aviation,* 891 So.2d at 547 (Cantero, J., concurring) ("Courts have considered allowing recovery from service providers for purely economic loss where a special or fiduciary relationship exists.").

In concluding that plaintiff's argument — that as developers and marketers of the property defendants had a duty to warn prospective purchasers — was without merit, the Eleventh Circuit emphasized the virtual impossibility to discharge defendant's duty that would result should it find a duty exists and how that impossibility quickly converts a seemingly simple negligence claim into one of strict liability:

> Since Terrabrook was not a party to Ryland's contracts with the buyers, and thus did not know the buyers' identities, under Plaintiffs' approach the only way Defendants could discharge their duty of care would be through marketing: Defendants could not escape liability unless they saturated the market place with the negative information. And, as posited above, would not they be obliged to publicize any information they possessed that a buyer's due diligence would not uncover, but that, if made public, would indicate that the prices Ryland was quoting for its houses were, in Plaintiffs' words, "artificially inflated"? Under Plaintiffs' approach, as long as Defendants marketed Vista Lakes, they could be sued for withholding information unavailable to buyers that would show that the prices the buyers paid for their houses were artificially inflated. In other words, whenever Defendants acquired material information that a buyer's due diligence would not uncover, Defendants would have to disclose it. And even if they disclosed the negative information, they still could be sued for failing to disclose it soon enough or in adequate detail. **In the end, what started out as a claim of**

**simple negligence might, as an economic matter, become a claim of strict liability**.

*See Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1340–41 (11th Cir. 2012) (emphasis added).

Here, as in *Virgilio*, Plaintiff's count for negligence seeks recovery of alleged purely economic interests arising outside contract and statutory law. As such, as the Eleventh Circuit has found, the Court must consider whether the specific relationship between the plaintiff and defendant warrants imposing a duty on the defendant to protect the plaintiff's purely economic interests. This analysis is akin to, if not stronger than, the economic loss rule. In this case, Plaintiff's alleged losses are squarely addressed by its other allegations of breach of contract and alleged improper dishonor of the letters of credit. Additionally, the duty Plaintiff seeks to impose upon Space Coast is so pervasive that it essentially seeks to insure every instance where an intentional tortfeasor forges an irrevocable letter of credit using a lending institution's letterhead. As an economic matter, a banking institution cannot be strictly liable for such alleged fraud under the guise of negligence because, as the Eleventh Circuit has noted, the nonexistence of a duty operates as a barrier to such a finding.

### ii.  Plaintiff's failure to plead foreseeability fails to establish the third element of negligence – proximate cause.

Moreover, even assuming that the manner in which Space Coast's business was operated can be considered to be a violation of a duty to exercise reasonable care, which is emphatically denied, in order to succeed on any of these theories on a claim of negligence, Plaintiff must show proximate cause, or "[a] reasonably close causal connection between the conduct and the resulting injury." *See Curd v. Mosaic Fertilizer, LLC,* 39 So.3d 1216 (Fla.2010); *see also Vollman v. Royal Caribbean Cruises Ltd.*, 10-20062-CIV, 2011 WL 10636189, at *6 (S.D. Fla. 2011)( "[…]not only must Plaintiff establish that Defendant's breach of duty caused her to go over the guardrail, but she must also prove that her injury was proximately caused by that act.").

The foreseeability of an injury is a prerequisite to the imposition of a duty upon a defendant. *Firestone Tire & Rubber Co. v. Lippincott,* 383 So.2d 1181 (Fla. 5th DCA 1980). A foreseeable consequence is one which a prudent man would anticipate likely to result from an act. *Id; see also Ashcroft v. Calder Race Course, Inc.,* 492 So.2d 1309 (Fla.1986).

The court in *Ashcroft,* relied on the Restatement (Second) of Torts § 343A (1965), which states that a landowner is not liable to invitees for harm caused by "any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness." Ashcroft,* 492 So. 2d at 1312. (emphasis added). There is no allegation that Space Coast should have anticipated any "harm" which might be caused by any alleged existing condition in Plaintiff's Complaint. Indeed, the "harm" alleged by Plaintiff is the non-payment under co-defendant's obligations which, as alleged, are inferred to be *in pari delicto* with a third-party.

Plaintiff's Complaint simply fails to allege any ultimate fact supporting even the slightest inference that Plaintiff's injury was foreseeable in any manner.    As a result, Plaintiff's negligence claims against Space Coast must be dismissed.

**B. Plaintiff's Claims against Space Coast due to alleged improper dishonor of Letters of Credit (Counts V & VI) must be dismissed because it involves an act or omission of others and would facilitate a material fraud on the issuer[1].**

Space Coast Credit Union's obligations and rights under a letter of credit are prescribed by Florida Statutes:

(6)   An issuer is not responsible for:

---

[1] As a preliminary matter, Space Coast Credit Union maintains, as Plaintiff's Complaint suggests, that the letters of credit attached to its Complaint are forgeries, unauthorized, and have never been issued by Space Coast.  However, looking solely to the alternative allegations of Plaintiff's Complaint, Space Coast asserts, without admission of any kind and reserving all rights to assert in its answer and throughout these proceedings, that the Letters of Credit were indeed never issued, unauthorized, and forgeries.

(a) The performance or nonperformance of the underlying contract, arrangement, or transaction;

(b) **An act or omission of others**; or

(c) Observance or knowledge of the usage of a particular trade other than the standard practice referred to in subsection (5).

*See* § 675.108, Fla. Stat.(emphasis added)

Issuer's rights and obligations.—

(1) Except as otherwise provided in s. 675.109, an issuer shall honor a presentation that, as determined by the standard practice referred to in subsection (5), appears on its face strictly to comply with the terms and conditions of the letter of credit. Except as otherwise provided in s. 675.113 and unless otherwise agreed with the applicant, an issuer shall dishonor a presentation that does not appear so to comply.

*See* § 675.108, Fla. Stat.

Fraud and forgery.—

(1) If a presentation is made that appears on its face strictly to comply with the terms and conditions of the letter of credit, but a required document is forged or materially fraudulent, or honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant:

(a) The issuer shall honor the presentation, if honor is demanded by:

    1. A nominated person who has given value in good faith and without notice of forgery or material fraud;

    2. A confirmer who has honored its confirmation in good faith;

    3. A holder in due course of a draft drawn under the letter of credit which was taken after acceptance by the issuer or nominated person; or

    4. An assignee of the issuer's or nominated person's deferred obligation that was taken for value and without notice of forgery or material fraud after the obligation was incurred by the issuer or nominated person.

(b) **The issuer, acting in good faith, may honor or dishonor the presentation in any other case.**

*See* § 675.109, Fla. Stat.

Space Coast Credit Union may honor or dishonor Plaintiff's presentation of a draft under the alleged Letters of Credit because Plaintiff fails to allege that any of the 4 enumerated exceptions apply. Specifically, Plaintiff fails to allege that he is either (1) a nominated person, (2) a confirmer, or (3) an assignee of a deferred obligation and fails to allege (4) that a draft or Letter of Credit was accepted by Space Coast. As these terms are defined by Florida Statutes:

Definitions.—

(d)  "Confirmer" means a nominated person who undertakes, at the request or with the consent of the issuer, to honor a presentation under a letter of credit issued by another.

[…]

(i)  "Issuer" means a bank or other person that issues a letter of credit, but does not include an individual who makes an engagement for personal, family, or household purposes.

[…]

(j)  "Letter of credit" means a definite undertaking that satisfies the requirements of s. 675.104 by an issuer to a beneficiary at the request or for the account of an applicant or, in the case of a financial institution, to itself or for its own account, to honor a documentary presentation by payment or delivery of an item of value.

[…]

(k)  "Nominated person" means a person whom the issuer designates or authorizes to pay, accept, negotiate, or otherwise give value under a letter of credit and undertakes by agreement or custom and practice to reimburse.

[…]

(l)  "Presentation" means delivery of a document to an issuer or nominated person for honor or giving of value under a letter of credit.

*See* § 675.103, Fla. Stat.

(1)  The term "acceptance" means the drawee's signed agreement to pay a draft as presented.

*See* § 673.4091, Fla. Stat.

Plaintiff's failure to allege that he is a nominated person, confirmer, or proper assignee is

beyond dispute.  Notably, Plaintiff has also failed to allege the third of the four instances which

would require Space Coast's honor of the letter of credit in spite of forgery and fraud – that

Space Coast accepted the letter of credit or a draft thereon:

A holder in due course of a draft drawn under the letter of credit which was taken after acceptance by the issuer or nominated person.

*See* § 675.109(1)(a)(3), Fla. Stat.   Plaintiff has not only failed to allege the applicability

of this exception, his allegations establish its non-existence.  Plaintiff alleges:

Approximately thirty (30) minutes later, Abel Hernandez returned to where Young was waiting in the lobby of the branch, and returned the two letters of credit and the letter of authorization.  Abel Hernandez advised Young that Space

Coast did not record on its books either of the two letters of credit and the letter confirming Martinez' authority was forged.

*See* Compl. at 5 ¶ 27.

At a minimum, Plaintiff's very allegations that a former employee of Space Coast fraudulently created and forged the letters of credit for which it now seeks payments, establishes that Space Coast properly acted within the terms of the exception provided in Florida Statute § 675.109(1)(b). That is, Plaintiff's allegations plead the exception under Florida law which Space Coast was entitled to exercise when presented with fabricated and forged documents which purported to be letters of credit issued by it.

## CONCLUSION

For the foregoing reasons, Space Coast respectfully requests that the Court (i) dismiss Plaintiff's Complaint as to Space Coast Credit Union for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and, further, that the Court award Space Coast its fees and costs incurred in defending against this action pursuant to Florida Statutes §§ 675.111 and 57.105.

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Space Coast conferred with counsel for Young by telephone in a good-faith effort to resolve the issues raised in this Motion but was unable to do so.

DATED: August 19, 2016

Respectfully submitted,

By: /s/ Moises T. Grayson
Moises T. Grayson, Esq.
Florida Bar No. 369519
Moises.Grayson@blaxgray.com
David D. Gongora
Florida Bar No. 110745
David.Gongora@blaxgray.com
BLAXBERG GRAYSON KUKOFF
& FORTEZA, P.A.
25 Southeast 2nd Street, Suite 730
Miami, Florida 33131
Phone: (305)381-7979

By: /s/ Matthew G. Krause
Matthew G. Krause, Esq.
Florida Bar No. 844225
LUKSFLL-Pleadings@LS-Law.com
LUKS, SANTANIELLO, PETRILLO
& JONES
110 S.E. 6th Street – 20th Floor
Fort Lauderdale, Florida 33301
Phone: (954)761-9900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2016 I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, and sent via e-mail through the CM/ECF system, to counsel of record.

s/Moises T. Grayson
Moises T. Grayson, Esq.

## SERVICE LIST

Harry A. Payton, Esq.
Payton & Associates, LLC.
2 South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Phone: (305) 372-3500
*Attorney for Plaintiff Dennis J. Young*

Matthew G. Krause, Esq.
Luks, Santaniello, Petrillo & Jones
110 S.E. 6th St. – 20th Floor
Fort Lauderdale, FL 33301
Phone: (954)761-9900