UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23124-CIV-UNGARO/OTAZO-REYES

DENNIS J. YOUNG,
individually,

    Plaintiff,

v.

NCH INVESTMENTS, LLC, a Florida limited
liability company; AZIZ IBN MUNIR,
individually; and SPACE COAST CREDIT
UNION, a member-owned not-for-profit
financial cooperative,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Space Coast Credit Union's ("Defendant" or "Space Coast") Motion for Prevailing Party Attorney's Fees (hereafter, "Motion for Fees") [D.E. 110]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 116]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees be GRANTED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

This action arises from alleged loan agreements between Plaintiff Dennis Young ("Plaintiff" or "Young") and Defendants NCH Investments, LLC and Aziz Ibn Munir, which agreements were secured with letters of credit issued by Space Coast. On July 19, 2016, Young filed this action pursuant to the Court's diversity jurisdiction, asserting claims against Space

Coast for wrongfully dishonoring two Letters of Credit in violation of Fla. Stat. § 675.111 ("Section 675.111"); and negligence [D.E. 1].

On August 19, 2016, Space Coast moved to dismiss Young's claims against it, which the Court granted as to Young's negligence claim but denied as to Young's wrongful-dishonor claims on October 18, 2016 [D.E. 28 & 51].

On February 9, 2017, Young filed a Motion for Voluntary Dismissal Without Prejudice of its remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(2) [D.E. 106]. The same day, the Court dismissed all pending claims against Space Coast without prejudice [D.E. 108].

On February 23, 2017, Space Coast filed its Motion for Fees requesting $57,078.50 in fees as the prevailing party pursuant to Section 675.111 [D.E. 110]. Young responded on March 1, 2017 [D.E. 113]. On March 7, 2017, Space Coast filed its Reply [D.E. 117].

## APPLICABLE LAW

"Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state." Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 F. App'x 796, 801 (11th Cir. 2014) (citation omitted). Therefore, in this diversity action, Florida law applies.

Section 675.111 provides that "[r]easonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this chapter." Fla. Stat. § 675.111(5). "[W]hen a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." Thornber v. City of Ft. Walton Beach, 568 So. 2d 914, 919 (Fla. 1990). Here, the Court dismissed Young's claims for wrongful dishonor of Letters of

Credit against Space Coast based on Young's Motion for Voluntary Dismissal Without Prejudice, and Space Coast is the prevailing party. Thus, Space Coast is entitled to an award of reasonable attorneys' fees pursuant to Section 675.111.

Under Florida law, reasonable attorneys' fees are determined using the lodestar method. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar method requires a court determine "the number of hours reasonably expended on the litigation," and "a reasonable hourly rate for the services of the prevailing party's attorney." Id. Thereafter, the court multiplies these numbers, the product of which is the lodestar. Id. at 1151. The lodestar may then be increased or decreased in certain circumstances. Id. Determining fee awards falls within the trial court's sound discretion. River Bridge Corp. v. Am. Somax Ventures, 76 So. 3d 986, 989 (Fla. 4th DCA 2011). See also Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (The Court "is itself an expert . . . and may consider its own knowledge and experience concerning reasonable and proper fees.").

## DISCUSSION

Space Coast requests attorneys' fees as follows:

| Timekeeper | Hours | Rate ($) | Total ($) |
|---|---|---|---|
| Matthew G. Krause | 163.00 | 185.00 | 30,155.00 |
| David Gongora | 77.30 | 200.00 | 15,460.00 |
| Moises Grayson | 49.52[1] | 200.00 | 9,904.00 |
| Nicole Velazquez | 3.50 | 200.00 | 700.00 |
| Ian Kukoff | 1.30 | 200.00 | 260.00 |
| Total | 294.62 | | 56,479.00[2] |

See Motion for Fees [D.E. 110, 110-1 & 110-2].

In computing the lodestar, the undersigned finds that the hourly rates of Space Coast's counsel are reasonable. Norman, 836 F.2d at 1303. However, the undersigned finds that the

---

[1] This total includes two hours of anticipated time [D.E. 110-1 ¶ 4].
[2] Space Coast requested $57,078.50 in attorneys' fees, but this appears to be the result of a computational error. See Motion for Fees [D.E. 110 at 4].

3

expenditure of nearly 300 hours is not reasonable given the relatively short-lived claims against Space Coast. Id. Therefore, the undersigned finds it appropriate to reduce the hours requested by one-third, resulting in a lodestar of **$37,652.70**. Id.[3]

## CONCLUSION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Space Coast's Motion for Fees be GRANTED IN PART and that Space Coast be awarded attorneys' fees in the amount **$37,652.70**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Ursula Ungaro. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 19th day of July, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Ursula Ungaro
    Counsel of Record

---

[3] In light of the undersigned's reduction to the hours claimed by Space Coast, no adjustment to the lodestar is necessary. See Rowe, 472 So. 2d at 1151.

4