**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**Case No. 1:16-cv-23124-UNGARO**

DENNIS J. YOUNG, individually,

Plaintiff,

v.

NCH INVESTMENTS, LLC, a Florida limited liability company; AZIZ IBN MUNIR, individually; and SPACE COAST CREDIT UNION, a member-owned-not-for-profit financial cooperative,

Defendants.
_______________________________________/

# JUDGMENT CREDITOR'S MOTION TO INSTITUTE PROCEEDINGS SUPPLEMENTARY

COMES NOW, Defendant and Judgment Creditor, SPACE COAST CREDIT UNION ("Space Coast" or "Defendant") by and through undersigned counsel, and moves this Court to institute proceedings supplementary pursuant to Fla. Stat. § 56.29 and Fed. R. Civ. P. 69(a)(1), so as to require the turnover of certain intangible assets owned by Plaintiff and Judgment Debtor, DENNIS J. YOUNG, and as grounds thereof, states as follows:

1. On February 9, 2017, this Court entered an Order of Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41.
2. Defendant's Motion for Prevailing Party Attorney's Fees and Incorporated Memorandum of Law in Support was Granted, and a Final Judgment Awarding Attorneys' Fees was entered in this same case in the amount of $37, 652.70. A true and correct copy of the Final Judgment is attached hereto as Exhibit "A".

3. The Final Judgment was never appealed and remains final and unsatisfied in the sum of $37,652.70.

4. In relevant part, Rule 69 provides: "The procedure on execution –and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). *See also Hatfield v. A+ Nursetemps, Inc.*, 651 Fed. Appx. 901 (11th Cir. 2016) (State law procedures govern, unless a federal statute explicitly provides the procedures for execution of judgments.)

5. Pursuant to Fla. Stat. § 56.29, "a Florida 'court may order any property of the judgment debtor, not exempt from execution, in the hands of any person, or any property, debt or other obligation due to the judgment debtor, to be applied toward the satisfaction of the judgment debt." *Hatfield*, 651 Fed. Appx. at 904.

6. Fla. Stat. 56.29 (2017) ("Proceedings Supplementary") states:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, and if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.
>
> . . .
>
> (6) The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution . . .
>
> (8) Costs for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just

> by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable Attorney fees may be taxed against the judgment debtor.

*See also Forster v. Nations Funding Source, Inc.*, 648 Fed. Appx. 850 (11th Cir. 2016) ("Under Florida law, a party is entitled to . . . proceedings supplementary to execution if he: 'file[s] a motion and an affidavit' that (1) states he holds an unsatisfied judgment or judgment lien; (2) identifies the issuing court and case number; (3) states the unsatisfied amount of the judgment; and (4) confirms that execution is valid and outstanding. Fla. Stat. § 56.29(1).")(citing *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So.2d 1027, 1038 (Fla. 4th DCA 1998).

7. Under section 56.29(5), a court may fashion an appropriate equitable remedy to afford a judgment creditor as complete relief as possible. *Kearney Construction Company, LLC v. Travelers Casualty and Surety Company of America*, --Fed. Appx. --, 2017 WL 4711836 (11th Cir. 2017).

8. Seizure of rights in a pending lawsuit, or a "chose in action," is among the relief afforded to a judgment creditor pursuant to Fla. Stat. 56.29. *See Puzzo v. Ray*, 836 So.2d 49, 50 (Fla. 4th DCA 1980) ("Black's Law Dictionary (rev. 4th Ed. 1968) defines a 'chose in action' as: A personal right not reduced into possession, but recoverable by a suit at law. . . A right to receive or recover a debt, demand, or damages on a cause of action ex contract or for a tort or omission of a duty;" *See also Craft v. Craft*, 757 So.2d 571, 572 (Fla. 4th DCA 2000) ("Ordinarily, a judgment debtor's choses in action may be reached by supplementary proceedings."); *DaCosta*, 190 So.2d at 213-214. ("[I]t has been held that supplementary proceedings are ordinarily available to reach 'choses in action.'").

9. Defendant has identified the chose in action consisting of two additional lawsuits brought by the Plaintiff as intangible assets owned and controlled by the Plaintiff:

a. The Plaintiff has brought Case No. CACE 17-007285 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, against Space Coast Credit Union and John C. Martinez, styled as *Dennis J. Young v. Space Coast Credit Union*; and

b. The Plaintiff has brought Case No. CACE 16-020947 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, against Barry S. Schinder, P.A., and Barry S. Schinder, styled as *Dennis J. Young v. Barry S. Schinder, P.a., et al.*

10. Both of these cases constitute a right to receive or recover a debt, demand, or damages on a cause of action for a tort or omission of a duty, and are thus accessible to the Defendant as creditor. *Puzzo v. Ray*, 836 So.2d at 50

11. The claims brought against the Defendant in the 17th Circuit are essentially the same as those dismissed in the instant action, while the claims brought against Barry Schinder stem from the same incidents giving rise to the cause of action in both the litigation against the Defendant.

12. Under the circumstances, any proceeds obtained through settlement or judgment in either of the aforementioned cases pending in the 17th Circuit should be used to satisfy the Judgment owed to Defendant in this matter, either in whole or in part, including attorney's fees for attempting to collect on the Judgment.

13. Specifically, Defendant requests this Court order all of Plaintiff's right, title, ownership, and interest in and to the affirmative relief sought in the cases pending in the 17th Circuit be turned over to Defendant and assigned to the Defendant, so that the Defendant may collect on any settlement or judgment in that litigation as it sees fit.

14. Finally, Defendant requests this Court award its attorneys' fees and costs pursuant to Fla. Stat. 56. 29(8) and 57.11 for having to take action to collect on the Judgment.

WHEREFORE, Defendant and Judgment Creditor, SPACE COAST CREDIT UNION, respectfully requests this Court enter an Order permitting Defendant to initiate proceedings supplementary as set forth herein so as to transfer to Defendant all of Plaintiff's right, title, ownership, and interest in its chose in action in the litigation against Space Coast Credit Union, and Defendant requests an award of its reasonable attorneys' fees and costs for having to take action in collection of the Judgment, and for any further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 15, 2018, a true and correct copy of the foregoing document was filed on this Court through the CM/ECF system, and served on all parties/attorneys of record via the Court's Electronic System or U.S Mai to: John J. Shahady, Esq., jshahady@kolawyers.com; Thomas R. Shahady, Esq., Tshahady@kolawyers.com, Kopelowitz Ostrow Ferguson Weiselberg Gilbert, One West Las Olas Boulevard, Suite 500, Fort Lauderdale, FL 33301.

By____________________
Blaxberg, Grayson, Kukoff & Forteza, P.A.
25 Southeast 2nd Ave, Suite 730
Miami, FL 33131
Moises T. Grayson, FBN 369519
Nicole-Suzette Velazquez, FBN 117987

Luks, Santaniello, Petrillo & Jones
110 Southeast 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Matthew G. Krause, FBN 544225
*Attorneys for the Defendant*